UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP
Address 69.137.209.65,

    Defendant.

Case No. 19-10720
Honorable Laurie J. Michelson

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE AND
ISSUING A PROTECTIVE ORDER**

Strike 3 Holdings holds the copyrights to several adult films. According to Strike 3, the Doe defendant, thus far identified only by an IP address, has downloaded Strike 3's content without its permission. So Strike 3 Holdings wants to bring suit for copyright infringement. But, to do so, it first must identify the Doe defendant. Strike 3 thus asks the Court to issue a third-party discovery subpoena prior to a Rule 26(f) conference. Having read the motion and the attached affidavits, the Court orders the following:

1.    Strike 3 has established that "good cause" exists for it to serve a third-party subpoena on Comcast Cable (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008).

2.    Strike 3 may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Strike 3 with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint. Strike 3 shall attach this order to any such subpoena.

3. Strike 3 may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Strike 3 may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the purpose of protecting and enforcing its rights as set forth in its Complaint.

6. Further, the Court understands that the ISP subscribers may not be the individuals who allegedly infringed upon Strike 3 Holdings' copyright. *See, e.g.*, *Pacific Century Intern. Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, at *2 (N.D. Cal. Oct. 27, 2011); *see also 10 Group, Inc. v. Does 1-19*, No. 10-03851, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011). And an allegation that someone illegally downloaded pornography could go to sensitive matters, including an individual's sexuality.

7. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the court issues a protective order. *See Flagg v. City of Detroit*, 268 F.R.D. 279, 310 n.9 (E.D. Mich. 2010) (citing Fed. R. Civ. P. 26(c)(1)). In this District, defendants in IP cases have been permitted to remain anonymous during discovery where "the risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants." *Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 U.S. Dist. LEXIS 11349, at *11 (E.D. Mich. Jan. 29, 2013). And in this case, Strike 3 Holdings has presented no evidence that it will be prejudiced if the Doe Defendant proceeds anonymously, pending confirmation that he or she is a proper defendant. Therefore, the Doe Defendant may proceed anonymously until discovery suggests that he or she is the individual connected to the IP address in Strike 3's non-party subpoena.

SO ORDERED.

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE

Date: June 19, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, June 19, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

        s/William Barkholz
        Case Manager